J-S13030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
Appellee   :
v.   :
  :
  :
  :
LAKIM MCDONALD   :
  :
Appellant   :   No. 1594 EDA 2020

Appeal from the Judgment of Sentence Entered October 10, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012905-2014

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:            Filed: June 10, 2021

Appellant, Lakim McDonald, appeals *nunc pro tunc* from the judgment

of sentence entered in the Philadelphia County Court of Common Pleas,

following revocation of his probation. We affirm.

The relevant facts and procedural history of this case are as follows. On

October 2, 2014, Appellant entered a home and stole a cell phone and other

belongings. Police apprehended Appellant nearby, still in possession of the

stolen items. On May 8, 2015, Appellant entered an open guilty plea to

burglary,[1] graded as a felony of the first degree. On August 7, 2015, the court

sentenced Appellant to 5 years' probation.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3502.

On May 23, 2018, while on probation for the burglary, Appellant stole a car in which two children, ages 6 and 1 years old, were passengers. When Appellant realized the children were in the car, he let them out and waited for a passerby to find them, but then led police on a high-speed chase which ended only after Appellant crashed the vehicle.

On October 10, 2018, Appellant entered a negotiated guilty plea to robbery of a motor vehicle and two counts of recklessly endangering another person ("REAP").[2] Following the entry of his plea, the court sentenced Appellant to 2 to 6 years' incarceration followed by 2 years' probation. The court also revoked probation on the burglary conviction and resentenced Appellant to 5 to 10 years' incarceration followed by 10 years' probation. Appellant filed a motion for reconsideration of the violation of probation sentence, but did not file a direct appeal.

On October 10, 2019, Appellant filed a pro se petition seeking relief pursuant to the Post Conviction Relief Act ("PCRA").[3] On August 3, 2020, the court reinstated Appellant's direct appeal rights nunc pro tunc. Appellant timely filed a notice of appeal on August 20, 2020. The court subsequently ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal; Appellant complied on August 31, 2020.

---

[2] 18 Pa.C.S.A. §§ 3702 and 2705, respectively.

[3] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

On appeal, Appellant raises the following issue for our review:

Appellant's sentence was an abuse of discretion as he was sentenced by the [c]ourt to 5 to 10 years followed by [a] 10 year probation tail for Burglary (F1) after a Violation of Probation (VOP) hearing. The court failed to enunciate an analysis of the general principles, which include the protection of the public, the impact on the victim and community, and thoroughly consider [Appellant's] background, his ability for rehabilitation, his social history, rehabilitative needs, and mental health capacity to state on the record, as required by 42 Pa.C.S. § 9721(b).

(Appellant's Brief at 7).

Appellant argues the court abused its discretion in imposing his revocation sentence. Specifically, Appellant alleges that the court failed to enunciate on the record its reasons for sentencing as required by Section 9721(b) of the Sentencing Code. Appellant avers the court ignored mitigating factors such as his background and social history, ability for rehabilitation and rehabilitative needs, and his mental health capacity. Appellant concludes that this Court should remand for resentencing. As presented, Appellant's claim challenges the discretionary aspects of sentencing. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an

appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (internal citations omitted).

Pursuant to Pa.R.A.P. 2119(f), an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); ***Commonwealth v. Tuladziecki***, 513 Pa. 508, 522 A.2d 17 (1987); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original).

The determination of what constitutes a substantial question must be

evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13. This Court does not accept bald assertions of sentencing errors as substantial questions. *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super. 2006). Rather, an appellant must articulate the bases for his allegations that the sentencing court's actions violated the sentencing code. *Id.*

Additionally, "[i]n general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa.Super. 2006). A sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa.Super. 2000).

"[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa.Super. 2001). A court can sentence a defendant to total confinement after revoking probation if the defendant was convicted of

another crime, the defendant's conduct indicates it is likely that he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority. *Commonwealth v. Crump*, 995 A.2d 1280 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). As well, if the sentencing court has the benefit of a pre-sentence investigation ("PSI") report, the law presumes the court was aware of the relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors. *Commonwealth v. Tirado*, 870 A.2d 362 (Pa.Super. 2005).

Further:

> We note that a sentencing court must state on the record its reasons for imposing sentence. [*Commonwealth v. McAfee*, 849 A.2d 270, 274-275 (Pa.Super. 2004)]; 42 Pa.C.S.A. § 9721(b). "Nevertheless, a lengthy discourse on the trial court's sentencing philosophy is not required." *McAfee*, 849 A.2d at 275. Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender. [*Anderson, supra* at 1018-19].
>
> In the particular context of a sentence imposed for a probation violation, we also keep in mind that a term of total confinement is available if any of the following conditions exist: (1) the defendant is convicted of another crime; or (2) his conduct indicates that it is likely that he will commit another offense; or (3) such a sentence is essential to vindicate the court's authority. *McAfee*, 849 A.2d at 275; 42 Pa.C.S.A. § 9771(c).

*Malovich, supra* at 1253.

Instantly, Appellant raised his sentencing claim in a timely motion for reconsideration, a timely notice of appeal *nunc pro tunc*, and included the

requisite Rule 2119(f) statement in his brief. Additionally, Appellant's claim arguably presents a substantial question for our review. *See Malovich, supra* (explaining claim that court did not state on record any reasons for its sentence, imposed total confinement without considering or discussing mandatory factors of 42 Pa.C.S.A. § 9771, and imposed sentence that was excessive and disproportionate to underlying technical violations, raised substantial question for appellate review).

Nevertheless, Appellant's sentencing claim does not merit relief. At the violation of probation hearing, counsel argued that Appellant had family support, a two-year-old daughter, accepted responsibility for his crimes and was extremely remorseful, and had been a responsible reporting probationer prior to the instant arrest. (*See* N.T. Guilty Plea and Sentencing, 10/10/18, at 12-16). Counsel noted that Appellant's "issue" had always been drug addiction. (*Id.* at 13).

In imposing sentence, the court stated:

> I've taken into consideration that you have pled guilty. [I] took into consideration sentencing guidelines. I took into consideration [your] prior record. I'll sentence you for the protection of the public, prevention, rehabilitation, and to vindicate the [c]ourt's authority. I find you in direct violation on the burglary F-1….
>
> Probation is revoked. New sentence: the sentence you will serve will be five to ten years consecutive to the guilty plea you just entered in; two to six, plus ten years' consecutive probation….

(*Id.* at 17). The court added:

Based on the crime committed of taking…a car with two children in it, I aggravated the sentence. Those are my reasons for an aggravated sentence. He took a…car with two children in it; a one-year-old and a six-year-old. That's my reason for going outside the guidelines in addition to the other reasons I stated.

(*Id.* at 18-19). In its Rule 1925(a) opinion, the court continued:

In this case, Appellant met each of the three conditions [for total confinement following the revocation of his probation]. Therefore, a prison sentence upon revocation of probation was proper. Subsection (1) was clearly violated when Appellant pleaded guilty to robbery of a motor vehicle and REAP. The fact that Appellant committed such a serious offense while on probation for burglary led this [c]ourt to conclude that Appellant is very likely to commit another crime if not imprisoned, this meeting the requirements of subsection (2). Finally, this [c]ourt concluded that a period of total confinement was necessary to vindicate the authority of the court because Appellant continued to commit dangerous offenses while on its probation, thus satisfying subsection (3).

Finally, this [c]ourt fully considered all discretionary factors and, contrary to Appellant's claim, gave sufficient reasons for its VOP sentence on the record at the time of sentencing. This [c]ourt took into consideration the nature of Appellant's original and new offenses, the statements of trial counsel and the Commonwealth, Appellant's apology, and the probation officer's report when fashioning its sentence. Specifically, this [c]ourt noted that Appellant has family support, and that he appears to have taken significant steps to improve his life since originally being placed on this [c]ourt's probation. Appellant was reporting to probation as required, had a job, and was, by all accounts, an excellent father to his two-year-old daughter. This [c]ourt also took into account that Appellant's struggles with drug addiction appear to be the underlying cause of almost all of his criminal conduct, that no victims had been injured during the course of his crimes, and that Appellant stated [he] was unaware that there were children in the car at the time he stole it. None of this was sufficient to overcome the significant aggravating factors in this case. Appellant's

criminal history is brief, but limited to very serious offenses that carry a high risk of someone being injured. In choosing to steal a running vehicle, Appellant accepted the risk that there might be someone inside. He then put the children in the car at risk by running a stop sign and fleeing from the police at a high speed. While this [c]ourt appreciates that Appellant took steps to insure the children were relatively safe once he removed them from the vehicle, it cannot abide by individuals on its probation committing serious felonies. Appellant's decision to flee from police a second time resulted in a dangerous car chase throughout the city, during which any number of people could have been injured. All of this leads this [c]ourt to believe that Appellant poses a significant threat to public safety if not incarcerated. As such, this [c]ourt determined that a significant state sentence was appropriate.

(Trial Court Opinion, filed 10/27/20, at 4-5).

Here, the record makes clear the court adequately considered the general principals of sentencing as well as Appellant's mitigating circumstances when crafting Appellant's sentence. Ultimately, the severity of Appellant's crime and the need to protect the public weighted the sentence in favor of incarceration. While succinct, the court's statements at sentencing reflected its reasoning and considerations of the history of the case. *See Malovich, supra*. Under these circumstances, we see no abuse of discretion concerning the court's revocation sentence. *See Hoover, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/21